IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY S. MILLIGAN,       *

    Plaintiff,                   *

v.                                  *      Civil No. 23-2691-BAH

JOHN JEFFREY MAY, et al.,     *

    Defendants.             *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

Plaintiff Gregory S. Milligan brought suit against fifty-seven individuals and entities (collectively "Defendants") seeking recovery of "net winnings" or "fictitious profits" Defendants allegedly received as a result of their investment in a multimillion-dollar Ponzi scheme.[1] ECF 1.[2] Pending before the Court are Plaintiff's four Motions for Alternative Service (the "Motions"). *See* ECF 128 (motion for alternative service on Defendant Gary Day); ECF 129 (motion for alternative service on Defendants Ved Ishairzay and The Network Group LLC); ECF 130 (motion for alternative service on Defendants Cyrus Irani, Cyman Entertainment, and Barnwood Innovations), and ECF 132 (motion for alternative service on Defendant Gregg Eisenberg). Defendants have not responded as they have not yet been served. All filings include exhibits. The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, Plaintiff's Motions are **GRANTED in part** and

---

[1] Such suits are often referred to as "clawback" actions. *See Wiand v. Cloud,* 919 F. Supp. 2d 1319, 1322 n.1 (M.D. Fla. 2013).

[2] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

**DENIED in part.** Specifically, ECF 128 and ECF 132 are granted. ECF 129 and ECF 130 are denied without prejudice. Plaintiff is granted an additional sixty (60) days to serve Defendants Ishairzay and Irani.[3]

## I. BACKGROUND

In this case, Plaintiff seeks to "provide . . . recovery to [] defrauded investors and other eligible claimants" who lost investments as part of a $345 million Ponzi scheme. ECF 1, at 1–2. Fifty-seven individuals and entities were named in the Complaint. ECF 1-1, at 1–4. On July 2, 2024, this Court granted Plaintiff's request for permission to file motions for substituted service on unserved defendants and directed Plaintiff to file such motions by July 8, 2024. ECF 126. On July 8, 2024, Plaintiff filed four motions for alternative service. After failing to effect service of process on Gary Day, Ved Ishairzay and The Network Group LLC, Cyrus Irani, Cyman Entertainment, and Barnwood Innovations, and Gregg Eisenberg, Plaintiff asks this Court to authorize service by serving the summons and complaint to anyone over the age of sixteen at defendants' last known addresses or, if no one over sixteen is available, by service through regular and certified mail and by affixing the summons and complaint to the front door of defendants' last known addresses. *See* ECF 128, at 2; ECF 129, at 2; ECF 130, at 2; ECF 132, at 2.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(e)(2) provides that an individual may be served a summons and complaint by personal delivery, delivery to an agent authorized to receive service of process, or by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Federal Rule of Civil Procedure 4(e)(1)

---

[3] Should Plaintiff remain unable to serve Defendants through good faith efforts under the statutorily prescribed means, Plaintiff is welcome to again seek an order permitting alternative service.

2

provides, in pertinent part, that an individual defendant may be served pursuant to "state law . . . in the state where the district court is located." Fed R. Civ. P. 4(e)(1); *see also Hecker v. Garner*, No. 22-cv-2152-JMC, 2023 WL 1415957, at *1 (D. Md. Jan. 31, 2023) ("[An] individual may be served by any means allowed by the state where the district court is located or the state where service is to be effected.") (citations omitted). Under Maryland law, service of process may be effected upon an individual by personal delivery, "leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion," or by mailing these documents to the individual "by certified mail requesting: 'Restricted Delivery--show to whom, date, address of delivery.'" Md. Rule 2-121(a). This rule further provides that "[s]ervice by certified mail under this Rule is complete upon delivery." *Id.* Maryland Rule 2-121(b) applies when defendants are evading service, and provides that:

> When proof is made by affidavit that a defendant has acted to evade service, the court may order that service be made by mailing a copy of the summons, complaint, and all other papers filed with it to the defendant at the defendant's last known residence and delivering a copy of each to a person of suitable age and discretion at the place of business of the defendant.

Additionally, when "proof is made by affidavit that good faith efforts to serve the defendant pursuant to [Md. Rule 2-121(a)] have not succeeded and that service pursuant to [Md. Rule 2-121(b)] is inapplicable or impracticable, the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice." Md. Rule 2-121(c).

To pass constitutional muster, "notice must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Timilon Corp. v. Empowerment Just. Ctr. Corp.*, Civ.

No. DKC-23-1134, 2023 WL 5671616, at *3 (D. Md. Sept. 1, 2023) (citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) and *Elmco Props., Inc. v. Second Nat'l Fed. Sav. Ass'n*, 94 F.3d 914, 920–21 (4th Cir. 1996)). This Court has recognized that "[w]hile personal service is the preferred method, Maryland Rule 2-121(c) allows the Courts to customize a method of service specifically for the situation before it." *Fid. Nat'l Title Ins. Co. v. M&R Title, Inc.*, Civ. No. 12-148-PWG, 2013 WL 12423808, at *2 (D. Md. Feb. 15, 2013). "When available, the combination of the two service options of mailing to the last known address and posting service on the door of that address, sometimes referred to as 'nail and mail,' continuously has been found to provide the constitutionally required level of notice in a situation demanding alternative service." *Id.* This Court has approved of this method of service "when personal process servers attempted service, found that people were inside the residence, but ultimately, were unable to get those people to answer the door or accept service." *Id.*; *see also Meade Communities, LLC v. Calypso*, Civ. No. 23-2736-EA, 2024 WL 3370964, at *2 (D. Md. Feb. 7, 2024) (granting defendant's motion for alternative service where "a person who was more likely than not [defendant] was inside [defendant's] last known residence at the time of each of the three attempts to serve her personally and each time this person refused to open the door and accept service").

### III. ANALYSIS

In this case, Plaintiff requests the Court authorize service of a copy of the summons, together with a copy of the complaint, to anyone over the age of sixteen at each defendant's residence, or, if no one over the age of sixteen is at the address, by affixing the summons and a copy of the complaint securely to the front door or main entry of each defendant's residence and mailing to each defendant via regular U.S. mail and Certified Mail, a copy of the order for substituted service, the summons, and the complaint with a return receipt requested. *See* ECF 128,

4

at 2; ECF 129, at 2; ECF 130, at 2; ECF 132, at 2. The Court will examine the facts presented in each affidavit to determine whether alternative service is warranted for each defendant.

### A.     Defendant Gary W. Day

Plaintiff hired a private process server, Leon Galliano, to effectuate service of process on Defendant Day at 27 Peppertree, Newport Beach, CA 92660. ECF 128-1, at 2. The address is located in a gated community, but Galliano was "able to gain access to the residence" on four different occasions. *Id.* During all four attempts at service, no one answered the door. *Id.* at 2–3. On the first attempt, Galliano observed visible mail addressed to Day inside the mailbox. *Id.* at 2. On the third attempt, Galliano observed lights on inside the house and a vehicle parked in the driveway. *Id.* On the fourth attempt, Galliano observed the same vehicle parked in the driveway from the previous attempt. *Id.* at 3. Galliano asserts that "[p]ersonal service is impractical because [Day] absents [himself] and thereby evades service." *Id.* at 1.

The affidavit sufficiently contends that Day is physically present at this address and evading service. Galliano asserts that 27 Peppertree, Newport Beach, CA is "defendant's usual place of abode," ECF 128-1, at 2, the vehicle Galliano observed parked in the driveway on two separate occasions is registered to Gary Day, ECF 128-2, at 1, and Galliano observed mail addressed to Day inside the mailbox. ECF 128-1, at 2. On at least one occasion, lights were on inside the house and a vehicle registered to Day was parked in the driveway, but no one answered the door. *See id.* Alternative service is permitted "when personal process servers attempted service, found that people were inside the residence, but ultimately, were unable to get those people to answer the door or accept service." *Fid. Nat'l Title Ins. Co.*, 2013 WL 12423808, at *2. Because Galliano has unsuccessfully attempted service four different times and attested that personal service is impractical because "defendant absents [him]self," this Court determines that

5

affixing the summons, a copy of the complaint, and a copy of the order for substituted service securely to the front door or main entry of Day's residence and mailing a copy of the aforementioned documents, with a return receipt requested, via regular U.S. mail and Certified Mail, is appropriate and reasonably calculated to give actual notice to Defendant Day.[4]

### B. Defendant Ved Ishairzay

Plaintiff hired a private process server, Mark Willett, to effectuate service of process on Defendant Ishairzay at 6923 Indus Valley Circle, Parish, FL 34219.[5] ECF 129-1, at 1. Willett attempted service on two occasions. *Id.* Willett indicated that on the first attempt, there was "[n]o answer[,] no cars." *Id.* During the second attempt, the front door was "wide open," so Willett knocked on the screen door and a woman came to the door. *Id.* Willett asked if Ishairzay was home and the woman "looked over her shoulder and said she didn't know him." *Id.* She then backed away from the door, but admitted in response to Willett's questioning that Ishairzay was her son. *Id.* She stated that Ishairzay did not live at the residence and was "not able to talk about him." *Id.* She refused to take Willett's card when he "tried to give her [his] card to give to [Ishairzay]." *Id.* According to Willett, the home is not owned by Ishairzay. *Id.*

Plaintiff seeks substituted service "[b]ecause (i) Plaintiff's prior attempts to serve Defendants have been unsuccessful, and (ii) because Plaintiff has established that Defendants Ved Ishairzay, Individually and on behalf of The Network Group, LLC reside at the 6923 Indus Valley

---

[4] Plaintiff also requests that the Court authorize service of a copy of the summons together with a copy of the complaint to anyone over the age of sixteen at Day's property. ECF 128, at 2. However, the Court finds that the "nail and mail" method is appropriate under these circumstances and "continuously has been found to provide the constitutionally required level of notice in a situation demanding alternative service." *Fid. Nat'l Title Ins. Co.*, 2013 WL 12423808, at *2.

[5] Plaintiff filed a motion for alternative service on Defendant Ishairzay individually and on behalf of The Network Group, LLC. ECF 129, at 1.

6

Cir., Parish, FL 34219 address[.]" ECF 129, at 2. However, Plaintiff has not established that Ishairzay resides at the above-referenced address. In fact, Willett's affidavit expressly states that the home is not owned by Ishairzay. ECF 129-1, at 1. Additionally, the woman who claimed to be Ishairzay's mother said Ishairzay does not live at that residence. *Id.* Moreover, Willett only attempted to effectuate service two times, and the first time, there were "no cars" around. *Id.* Thus, Plaintiff has not demonstrated that service by traditional means is impracticable. Without more, Willett's encounter with the woman at the residence is insufficient to warrant alternative service, especially given that she stated that Ishairzay did not live there. Under these circumstances, Plaintiff's motion for alternative service on Ishairzay is denied without prejudice, and Plaintiff is directed to serve Ishairzay with any method authorized by the federal or applicable state rules.

## C. Defendant Cyrus Irani

Plaintiff hired a private process server, Leon Galliano, to effectuate service of process on Defendant Irani at 112 Surfside Ave., Unit B112, Surfside, CA, 90743.[6] ECF 130-1, at 1–2. Galliano attempted service on three different occasions. *Id.* at 2. The address is in a secured residential community. *Id.* During the first attempt at service, Galliano "spoke to a security guard who confirmed that Cyrus Irani does reside[] at the provided address." *Id.* Galliano was then able to gain access but received no answer at the door. *Id.* Galliano attempted service two additional times but received no answer each time. *Id.* at 2–3. During all three attempts, Galliano did not observe any activity at the residence. *See id.* (affirming that "[t]he home had no activity and was [quiet.], no activity was observed, and "[i]t was dark and quiet, no activity seen or heard").

---

[6] Plaintiff filed a motion for alternative service on Defendant Irani individually and on behalf of Barn Wood Innovations, LLC and Cyman Entertainment. ECF 130, at 1.

7

Here, Plaintiff has not shown that the Court's intervention is necessary yet. The affidavit submitted by the process server merely shows that service was attempted three times, but there is no evidence that Irani is evading service, such that Maryland Rule 2-212(b) or (c) come into effect. In fact, Galliano asserted that on the first attempt, "[t]he home had no activity and was [quiet,]" on the second attempt, he did not "observe any activity," and on the third attempt, "[i]t was dark and quiet, no activity seen or heard." ECF 130-1, at 2–3. Without more, Plaintiff has not demonstrated that Irani is acting to evade service or that the traditional methods of service are impracticable. The affidavit simply shows that Irani was not home on the three occasions Galliano attempted service. Accordingly, Plaintiff's motion for alternative service on Irani is denied without prejudice, and Plaintiff is directed to serve Irani with any method authorized by the federal or applicable state rules.

### D.    Defendant Gregg Eisenberg

Plaintiff hired a private process server, Louis Jones, to effectuate service of process on Defendant Eisenberg at 10292 Grosvenor Place, Rockville, MD, 20852. ECF 132-1, at 1. Jones attempted to effectuate service on three different occasions. *Id.* During the first attempt, the "driveway was empty," and "[t]he house appeared dark." *Id.* Jones left a notice on the door for Eisenberg. *Id.* During the second attempt, the driveway was "still empty," and the house "still appeared dark." *Id.* The previous notice was still on the door. *Id.* On the third attempt, the driveway was empty, the house was still dark, but the "previous note had been removed." *Id.* Jones then left another notice for Eisenberg. *Id.* Jones affirmed that "future efforts are not apt to be successful." *Id.* Plaintiff also notes that Maryland property records reflect the owner of the property to be "Renee Sampson Eisenberg, the same last name as Defendant Greg Eisenberg." ECF 132, at 1–2.

8

Based on the evidence presented in Jones's affidavit, it is clear that Eisenberg likely lives at the address, has knowledge of the suit against him, and is evading service. On three different occasions, Jones attempted service. ECF 132-1, at 1. On two different occasions, Jones left a notice on the door. *Id.* What is more, someone removed the notice in between Jones's first and third visits to the residence. *Id.* Further, Maryland property records show that the house is owned by someone with the same last name as Defendant. ECF 132-2, at 1. Under the circumstances, the Court agrees with Jones that he has "demonstrated due diligence" and that "future efforts are not apt to be successful." ECF 132-1, at 1. Accordingly, service by regular and certified mail, along with affixing the summons, complaint, and order for substituted service to Eisenberg's front door, is appropriate and reasonably calculated to give actual notice to Eisenberg. *Mullane*, 339 U.S. at 314.[7]

## IV.  CONCLUSION

In light of the foregoing, it is hereby ORDERED that Plaintiff's Motions for Alternative Service (ECFs 128, 129, 130, and 132) are GRANTED in part and DENIED in part. ECF 128 and ECF 132 are granted. ECF 129 and ECF 130 are denied without prejudice.

It is further ORDERED that within fourteen (14) days of this Order, Plaintiff shall serve Defendants Day and Eisenberg by regular and certified mail and by posting the summons, complaint, documents filed with the complaint, and order authorizing substituted service at Day and Eisenberg's residences. Service of process upon Day and Eisenberg shall be deemed complete

---

[7] Plaintiff also requests that the Court authorize service of a copy of the summons and complaint to anyone over the age of sixteen at Defendant Eisenberg's property. ECF 132, at 2. However, the Court finds that the "nail and mail" method is appropriate under these circumstances and "continuously has been found to provide the constitutionally required level of notice in a situation demanding alternative service." *Fid. Nat'l Title Ins. Co.*, 2013 WL 12423808, at *2.

30 days after the summons, complaint, documents filed with the complaint, and order authorizing substituted service are mailed and posted.

It is further ORDERED that Plaintiff shall serve Defendants Ishairzay and Irani with any method authorized by the Federal Rules of Civil Procedure or applicable state rules. This Court previously extended the service deadline to fourteen (14) days after the ruling on the motions for substituted service. *See* ECF 126. The Court modifies this extension of time and instead grants Plaintiff an additional sixty (60) days to serve Defendants Ishairzay and Irani.

It is further ORDERED that the Clerk of the Court shall mail a copy of this Order to the last known addresses of the defendants.

A separate implementing Order will issue.

Dated: October 21, 2024

/s/
Brendan A. Hurson
United States District Judge